## OMMEN v. TALCOTT.

(District Court, S. D. New York. November 29, 1909.)

BANKRUPTCY (§ 154*)—SUIT BY TRUSTEE TO RECOVER PREFERENCE—CROSS-BILL.

A court of equity in a suit by a trustee in bankruptcy to recover a preference will not under the circumstances entertain a cross-bill for the recovery by defendant of the amount of the dividend to which he claims to be entitled from the bankrupt estate, but will require him to prove his claim in the bankruptcy court, but it may permit him, on the giving of security, to retain in his hands sufficient of the amount complainant is entitled to recover to cover his dividend in case his claim shall be allowed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 451; Dec. Dig. § 154.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by Alfred E. Ommen, trustee in bankruptcy of the John A. Baker Notion Company, against James Talcott. On motion for leave to file cross-bill. Motion denied.

Fried & Czaki, for complainant.

Rounds & Schurman, for defendant.

HAND, District Judge. In view of the contest which the complainant promises upon any cross-bill which may be filed, I do not think I should admit a new litigation so late in this suit. The defendant must have been aware at the outset of the necessity for filing a cross-bill; for, if the bill was successful, only by a cross-bill could he succeed in this suit in retaining the amount of his dividend. There was, of course, no inconsistency in filing the cross-bill along with the defenses in the answer.

Moreover, I do not see that the defendant will gain anything substantial by a cross-bill here. I certainly should not permit him to recover upon it, unless I was of opinion that his claim was at the present time provable in bankruptcy. The only theory upon which his cross-bill could be admitted at all is that he was one of the beneficiaries of a fund, the whole of which he was directed to turn over to the court for administration. In equity his claim as beneficiary must be subject to the same rules of limitation as though he applied in the bankruptcy court for his beneficial interest pro rata in the funds of that court. In other words, it is a case in which a court of equity ought to observe the same limitation in giving a remedy on the cross-bill as the claim itself would be subject to were suit brought upon it in the tribunal which normally has jurisdiction over it. Besides, I think that Mr. Czaki has shown that the cases which seem to permit a claim of this character to be set off are all cases arising in bankruptcy, and that a court of equity has never attempted to allow a claim at a time when it could no longer be proved. All these were cases originally in bankruptcy, and, if so, they are equally authorities to the defendant in a bankruptcy court as they are in a court of equity. It is true that Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332, was a case in which the decree was in equity, but in that case the court did not allow the set-off in the suit itself, but, on the contrary, directed the defendant to file his proof of claim in the bankruptcy court. On the other hand, there is a hope of the substantial determination of this litigation, if the cross-bill is not interjected at the present time, and, in view of the extraordinary delays which the suit has already suffered, I am not in the least disposed to give the parties any further grounds for procrastination.

I will not, however, deprive the defendant of the use of so much of the recovery as he is apparently entitled to under his claim in bankruptcy, and therefore I will let him retain in his hands that proportion of his assets which his claim in bankruptcy if filed represents of the total of all claims filed, including his own. This he may do if at the time the decree is entered he has already filed his proof of claim in the bankruptcy court. Of course, a certain portion of his dividend so retained he will have to pay over as his proportion of the expenses of administration, but that cannot be ascertained at the present time. When

I come to decide the case and direct the final decree, I will therefore allow the defendant to retain his proportion of his claim in bankruptcy out of the proceeds of this suit. If the complainant desires, the defendant will be obliged to give security for the payment of the portion so retained, provided he does not succeed in proving his claim in bankruptcy for any part or all of the same, and the complainant will be permitted at any time to apply at the foot of the decree for a modification as to that portion, if the defendant procrastinate in pressing his claim in bankruptcy, or to compel him to pay his share of the expenses. Meanwhile, if the Circuit Court of Appeals should affirm the final decree in this case, the creditors will at least have a portion of the fund for distribution, and although they will have to wait in any event for a final settlement of the estate until the claim is finally proved in the bankruptcy court, that is a more expeditious method than to take testimony in equity. Moreover, in this way I believe I shall follow the course laid down by the Supreme Court in Page v. Rogers, supra, more entirely than in any other.

I therefore deny the motion for leave to file a cross-bill, and will proceed with the determination of the case.